IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES WIDTFELDT, | ) | 8:12CV83 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| KAY PONTE, Revenue Agent, | ) | |
| COMMISSIONER OF THE IRS, and | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 5.) For the reasons discussed below, the Motion to Dismiss is granted and Plaintiff's Complaint is dismissed.

## I. BACKGROUND

Plaintiff James Widtfeldt ("Widtfeldt") filed his Complaint in this matter on February 27, 2012, against the Commissioner of the Internal Revenue Service ("IRS"), the United States, and IRS employee Kay Ponte ("Ponte"). (Filing No. 1.) Widtfeldt was previously licensed to practice law in Nebraska, but the Nebraska Counsel for Discipline suspended his license indefinitely in 2005. *State ex rel. Counsel for Discipline of Neb. Supreme Court v. Widtfeldt*, 691 N.W.2d 531 (Neb. 2005).

Condensed and summarized, Widtfeldt alleges that on January 31, 2012, Ponte sent Widtfeldt a letter informing him that his federal tax was unpaid and that the IRS intended to pursue a levy. (Filing No. 1 at CM/ECF pp. 2-7.) Widtfeldt asserts the "IRS liens, known and unknown," are wrongful, and an attempt to collect taxes that were already paid. (*Id*. at CM/ECF p. 2.) He seeks an injunction against "Ponte and

the IRS" to prevent them from filing liens "or otherwise attempting to collect death or gift taxes twice." (*Id*.)

On April 23, 2012, Defendants filed a Motion to Dismiss along with a Brief in Support. (Filing Nos. 5 and 6.) Thereafter, Widtfeldt filed a Brief in Opposition to Defendants' Motion to Dismiss (filing no. 7) and Defendants filed a Reply Brief (filing no. 8). Widtfeldt later filed an additional document labeled "Further Widtfeldt Brief in Response to Defendant Reply Brief." (Filing No. 9.)

## II. ANALYSIS

### A. Motion to Dismiss Standard

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### B. Defendants' Motion to Dismiss

    *1. Anti-Injunction Act*

As discussed above, Widtfeldt seeks an injunction against "Ponte and the IRS" to prevent them from filing liens "or otherwise attempting to collect death or gift taxes twice." (Filing No. 1 at CM/ECF p. 2.) Defendants argue, among other things, that Widtfeldt's Complaint must be dismissed because his claims are barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a). (Filing No. 6 at CM/ECF p. 2.) The court agrees.

The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). There is a judicial exception to the Act. *See Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). However, Widtfeldt fails to allege sufficient fact to establish this exception. *See Ponchik v. Comm'r of Internal Revenue*, 854 F.2d 1127, 1130 (8th Cir. 1988) (holding that under the judicial exception to the Anti-Injunction Act, injunctive relief is available only if the taxpayer can demonstrate that "(1) under the most liberal view of the law and the facts available to the government at the time of the suit, it is apparent that the government cannot prevail on the merits; and (2) absent an injunction, irreparable injury will occur for which there is no adequate remedy at law").

    2.  *Service of Process*

Separately, Defendants argue that Widtfeldt failed to properly serve the United States Attorney for the District of Nebraska as required by Federal Rule of Civil Procedure 4(i), or the individual Defendants. To properly serve the United States, a party must first "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk." Fed. R. Civ. P. 4(i)(1)(A)(i). Service upon federal employees requires personal service in accordance with Federal Rule of Civil Procedure 4(e), (f), or (g), in addition to service upon the United States. Fed. R. Civ.

3

P. 4(i)(3). The record before the court does not show that Widtfeldt served the United States Attorney for the District of Nebraska or Ponte. (*See* Docket Sheet.) While the court would ordinarily grant Widtfeldt additional time to perfect service of process, doing so in this case would be futile for the reasons discussed above. *See*, *e.g.*, Gregory v. United States/U.S. Bankr. Court, 942 F.2d 1498, 1500 (10th Cir. 1991) (approving dismissal without leave to correct defective service of process because "[i]n this case, proper service of process would be futile"). Accordingly,

    IT IS THEREFORE ORDERED that:

    1.    Defendants' Motion to Dismiss (filing no. 5) is granted and Widtfeldt's claims are dismissed without prejudice.

    2.    A separate judgment will be entered in accordance with this Memorandum and Order.

    DATED this 14th day of August, 2012.

                          BY THE COURT:

                          s/ Joseph F. Bataillon
                          United States District Judge

---

    *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.